UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

IN RE: ARIDA, LLC, et al.,                                          ORDER ON SEALING

                                                                                   19-mc-522 (PKC)

-----------------------------------------------------------x

CASTEL, U.S.D.J.

On April 22, 2020, the applicants filed a motion to seal certain submissions filed by the movants in this case. (Docket # 30.) The applicants asserted that these submissions do not qualify as judicial documents afforded a presumption of public access under Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006). In a joint letter-motion filed on May 8, 2020, the parties stated that they had agreed to certain redactions, including to the submissions the applicants previously sought to have sealed. (Docket # 51.) The parties do not identify their proposed redactions. The parties move to seal certain filings (Docket # 20, 21, 36) and to re-file them with their agreed-upon redactions.

There is a common-law right of public access to judicial documents and a qualified First Amendment right. Lugosch, 435 F.3d at 119-20. "[D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Id. at 120. "In order to be designated a judicial document, the item filed must be relevant to the performance of the judicial function and useful in the judicial process." Id. at 119.

Under this framework, a court must determine: (1) whether the document subject to a sealing request qualifies as a judicial document; (2) the weight of the presumption of public access attaching to that judicial document; and (3) if any countervailing factors or higher values

outweigh the right of public access to that judicial document.  Id. at 119–20.  To be classified a judicial document, material "must be relevant to the performance of the judicial function and useful in the judicial process."  Brown v. Maxwell, 929 F.3d 41, 49 (2d Cir. 2019) (quoting United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995) ("Amodeo I")).  "A document is thus 'relevant to the performance of the judicial function' if it would reasonably have the tendency to influence a district court's ruling on a motion or in the exercise of its supervisory powers . . . ."  Id.

Though all judicial documents carry a presumption of public access, a court must determine the weight of this presumption as applied to a particular judicial document.  The appropriate weight is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts."  Id. (quoting United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir. 1995) ("Amodeo II")).  Documents submitted in connection with trial or summary judgement are entitled to the highest presumption of public access, but documents filed in connection with other non-dispositive motions, including discovery motions, are subject to a "still substantial" presumption of public access.  Id. at 49–50, 53.

Because the parties have not identified the proposed redactions, the Court is unable to determine whether the redactions fall outside the presumption of judicial access and, if the presumption of access attaches, any countervailing interests that weigh in favor of sealing.  The contents of the two disputed declarations (Docket # 20, 21) were the subject of vigorous argument in the parties' motion papers, specifically relating to the movants' assertions that the applicants' were engaging in bad-faith "subterfuge."  These two declarations have been publicly docketed since March 4, 2020.  The other document subject to proposed redaction is a reply

memorandum submitted by the movants in support of their motion to vacate the Order granting discovery pursuant to 28 U.S.C. § 1782, which was filed under seal.  (Docket # 36.)  The Court notes that two additional submissions in this case have been filed under seal.  (Docket # 33, 54.)

Any future motion for sealing must identify the contents of the proposed redactions; explain whether the contents fall within the presumption of public access, and, if so, the weight to be afforded the presumption; and explain why redaction or sealing is narrowly tailored to serve a higher interest that outweighs a presumption of public access.

The motions to file certain documents under seal and/or with redactions are denied without prejudice.  The Clerk is directed to terminate the motions.  (Docket # 30, 51.)

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
December 23, 2020