## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

In re Application of
**ARIDA, LLC,**
**Earl Management Ltd.,**
**Finenergoinvest, LLC, and**
**Alexey Grachev,**

          **Applicants.**

**No. 19 Misc. 522 (PKC)**

## PROTECTIVE ORDER

WHEREAS, as between the parties Applicants ARIDA, LLC, Earl Management Ltd.,

Finenergoinvest, LLC, and Alexey Grachev ("**Applicants**") and June NY, LLC, June Homes

US, Inc., June NY 1, LLC (collectively, "**June Homes**") and Daniel Mishin (collectively,

"**Respondents**"), and the Court having found that good cause exists for the issuance of a

confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and

documents produced in this action:

1. **Definitions:**

   a. **"Attorneys' Eyes Only" ("AEO")** shall refer to any Responsive Material (or

   portion thereof), which any Respondent temporary designates as such pursuant to

   Section 4 of this Order pending the Parties' agreement on the treatment of such

   material or this Court's determination of good cause to restrict access to such

   Responsive Materials to any person other than counsel of record in the Proceedings.

   b. **"Confidential Information"** shall refer to any Responsive Material (or portion

   thereof) so designated by any Respondent in good faith to protect its proprietary,

trade secret, or otherwise sensitive non-public information.

c. **"Protected Information"** shall refer to any Responsive Material designated as AEO and Confidential Information.

d. **"Courts"** shall mean ~~any court, including~~ this Court, and any foreign tribunal within the meaning of 28 U.S.C. § 1782.

*PKC*

e. **"Disclosing Party"** shall refer to any Respondent producing Responsive Material.

f. **"Party"** and **"Parties"** shall mean Applicants, on one side, and Respondents, on the other, and no others.

g. **"Proceeding(s)"** shall refer to this Proceeding, Current Proceedings and any future proceedings related to Applicants' claims for the loss of their funds (the loss is described in Applicants' declarations, ECF 2-1, 2-2, 2-3, 2-4) before a foreign tribunal within the meaning of 28 U.S.C. § 1782~~, or any other proceedings as ordered by this Court.~~

*PKC*

h. **"Bankruptcy Proceedings"** shall refer to three Russian bankruptcy proceedings: *Bankruptcy of Brio Finance*, Case No. A40-141847/2019-184-156 (Moscow Commercial Court); *Bankruptcy of Brio Invest*, Case No. A40-161382/2019 (Moscow Commercial Court); and *Bankruptcy of Vladislav Mishin*, Case No. A41-49412/2019 (Moscow Commercial Court).

i. **"Current Proceedings"** shall refer to Bankruptcy Proceedings and Moscow Regional Department of the Ministry of Internal Affairs, *Russian Federation v. Vladislav Mishin*, Case No. 119014225000156, including court proceedings following the investigative stage of the case.

j. **"This Proceeding"** shall refer to the above-captioned action.

k.      **"Receiving Party"** shall refer to any Party receiving Responsive Material.

l.      **"Responsive Material(s)"** shall refer to any document(s) or information, including deposition testimony and transcripts, produced in response to the Subpoenas and to any copies or reproductions, whether physical or electronic, of the Responsive Materials.

m.      **"Subpoena(s)"** shall refer to any subpoena(s) issued pursuant to the orders of the Court in this Proceeding.

2.  **Use of Protected Information:**

a.      Unless otherwise ordered by this Court or agreed to by the Parties, Protected Information shall be used solely for purposes of the Proceedings.

b.      Applicants shall file Confidential Information in the Proceedings pursuant to the relevant court or tribunal's rules and orders concerning presentation and filing of protected private information or non-public documents (to the extent such rules and orders apply to the specific Confidential Information sought to be filed).

c.      Notwithstanding any other provision, the continued confidentiality and treatment of any information designated Confidential shall be determined by the foreign tribunal in which Proceedings Confidential Information is sought to be filed or presented.

d.      If any foreign Proceedings other than Current Proceedings are initiated in the future, Applicants shall notify Respondents fourteen (14) days prior to filing of Confidential Information in such foreign Proceedings.

e.      ~~This Protective Order shall not affect~~ Applicants' ~~right to~~ *may not* use Protected Information in any related U.S. legal proceedings in the future, ~~with this Court's~~ *except*

PKC

3

*PKC* ~~by written Order of this Court for good cause shown.~~ ~~prior authorization upon a letter application. No motion to modify this Protective Order shall be required~~.

f.   Filing of Confidential Information in this Proceeding is governed by Section 18.

## 3.   **Designation of Confidential Information:**

a.   A Party may designate any Responsive Material as Confidential by stamping or otherwise marking the portion of Responsive Material with the word "Confidential" or otherwise stamping or marking the produced Responsive Material in a similar manner to the extent practicable.   Responsive Material consisting of deposition testimony may be so designated either on the record at a deposition or in writing no later than ten (10) business days after receipt from the court reporter of the final deposition transcript.

b.   A Party shall have ten (10) business days from the date of this Order or the date that the Responsive Material is produced to make such designations, whichever is longer.

c.   Applicants shall not be obligated to challenge the propriety of designating any Confidential Information at the time such designation is made, and failure to do so shall not preclude any subsequent challenge thereto.

d.   If at any time any Applicant objects to the designation of any Responsive Material(s) as Confidential Information, Applicants shall so state by letter to the relevant Respondent's counsel. The Parties shall promptly confer, in good faith, to resolve any dispute concerning the materials so designated as Confidential Information and treatment of the materials as Confidential Information pursuant to the terms of this Protective Order.   In the event the Parties are unable to resolve any

dispute concerning treatment of such materials as Confidential Information, Applicants shall provide a written notice to Respondents that the disagreement cannot be resolved. Within fourteen days of such notice, Applicants may seek relief from the Court by letter in accordance with Rule 3 of Judge Castel's Individual Rules and Practices in Civil Cases. Pending this Court's determination of such request, any materials previously designated as Confidential Information shall continue to be treated in accordance with its original designation.

e.   In the event that a Party produces two or more substantially identical copies of a document of which at least one copy is designated Confidential Information and at least one substantially identical copy is not so designated, once such a discrepancy is discovered, all substantially identical copies of the document shall be treated as Confidential Information. If a Receiving Party identifies such a discrepancy, it shall promptly notify the producing Party.

f.   Without written permission from the disclosing Party or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record in this 28 U.S.C. § 1782 proceeding any Confidential Information. However, this Order does not, by itself, authorize the filing of any document under seal, *except by Order entered after a sealing application of a Party.* *PKC*

4.   **Temporary Designation of Responsive Materials as "Attorneys' Eyes Only":**

a.   Any Respondent, based on reasonable good faith belief that disclosing specific Responsive Material (or portion thereof) to any person other than counsel of record in the Proceedings will result in a clearly defined, irreparable and very serious injury to that Respondent, may temporarily designate such Responsive Material as

Attorneys' Eyes Only (AEO) at the time of production by stamping or otherwise marking the portion of Responsive Material with the words "Attorneys' Eyes Only" or otherwise stamping or marking the produced Responsive Material in a similar manner to the extent practicable.  Responsive Material consisting of deposition testimony may be so designated either orally at the deposition or in writing no later than seven (7) days after receipt from the court reporter of the final deposition transcript.

b.      The Parties' counsels in the Proceedings shall promptly confer, in good faith, to resolve any dispute concerning the treatment of the materials designated as AEO. In the event the dispute is not resolved within fourteen (14) days of designation of specific Responsive Material as AEO, the designating Respondent shall request the Court to allow such AEO designation by filing a letter in accordance with Rule 3 of Judge Castel's Individual Rules and Practices in Civil Cases.  Pending the Parties' agreement or the determination of good cause to order AEO restriction on access to the specific Responsive Material in this case, counsel of record in the Proceedings shall not disclose Responsive Materials temporary designated as AEO to any person.

5. **Access to Confidential Information:** No Confidential Information shall be disclosed to any person other than:

a       Courts (including the personnel, the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Courts or appointment by the Courts);

b.      Witnesses in depositions and at trial or other court hearings;

c.      Financial managers in the Bankruptcy Proceedings;

d.      Participants in the Proceedings, in which Confidential Information is sought to be filed or presented;

e.      Applicants, including their members, managers, officers, directors, owners, shareholders and employees who have legitimate reasons to review Confidential Information to provide assistance in the conduct, preparation or making decisions relating to any of the Proceedings;

f.      Attorneys who are participating in or are retained in connection with any of the Proceedings and secretaries, paralegals, and other staff employed in the offices of such attorneys;

g.      Vendors retained by or for the parties to assist in the Proceedings, including assistance in litigation-related investigation and discovery, preparation for trial and/or hearings, including, but not limited to, court reporters, litigation support personnel, investigators, accountants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

h.      Independent experts or consultants retained by or for the parties for the purpose of assisting in the Proceedings;

i.      Other persons as ordered by the Court or agreed to in writing or on the record by the Parties.

**6.   Certification on Access to Confidential Information:**

a.      A copy of this Order shall be provided to each person to whom Confidential

Information is disclosed. Prior to receiving access to Confidential Information, any person identified in Paragraphs 5(e-i) shall complete and sign the Certification, attached as Exhibit A (the "Certification"), and provide the Certification to Applicants' counsel of record in this Proceeding for recordkeeping. The signatories may sign a translated copy of Certification. *but nevertheless remain bound by this Protective Order*

*PKC*

b.      Counsel of record in this Proceeding need not complete and sign the Certification.

7. **Securing Protected Information:** Any person receiving Protected Information pursuant to this Protective Order shall maintain such information in a secure and safe manner, and the recipient shall exercise all reasonable standards of due and proper care with respect to the storage, custody, and use of such Protected Information so that it is not further disclosed or used, either intentionally or inadvertently, in any manner inconsistent with this Protective Order.

8. **Inadvertent Disclosure of Privileged Documents:** Inadvertent production of Responsive Material containing information protected from disclosure by the attorney-client privilege, work-product doctrine or any other privilege or immunity shall be without prejudice to the right of any Party to claim that such Responsive Materials are protected from disclosure and to request that such Responsive Material be returned or destroyed. Inadvertent delivery of such Responsive Material shall not be used as a basis for claiming a waiver in this or in other proceedings, in accordance with Fed. R. Evid. 502(d). In the event of any dispute with respect to whether such Responsive Material is protected from disclosure, the Party claiming that such Responsive Material is protected from disclosure must notify the Receiving Party in writing of the nature of the claim, including specifically identifying the Responsive Material at issue. The Parties shall then confer in good faith as to whether such

Responsive Material is protected from disclosure. If the Parties are unable to reach agreement, within fourteen (14) days after an impasse is reached, the Party claiming that such Responsive Material is protected from disclosure may seek appropriate relief from the Court by letter in accordance with Rule 3 of Judge Castel's Individual Rules and Practices in Civil Cases. At all times, the Party claiming that the Responsive Materials are protected from disclosure shall have the burden of establishing such claim. In the meantime, the Responsive Material in dispute shall be treated as Protected Information and also not disclosed to any persons who had not already received it prior to being informed of the inadvertent disclosure until the issue is resolved by the Court.

9. **Designations Not Determinative:** The fact that any information or material has been designated Confidential or Attorneys' Eyes Only is not determinative of whether such information or Material is, in fact, entitled to be designated as such, in the event Applicants challenge any such designation. At all times, Respondents shall have the burden of proof that any specific Responsive Material(s) designated as Confidential Information or AEO is entitled to such designation and shall be subject to the provisions of this Protective Order.

10. **Modification of Protective Order:** Nothing contained herein shall preclude any Party from seeking an order of the Court modifying or amending the terms of this Protective Order, in accordance with the Federal Rules of Civil Procedure.

11. **No Waiver of Trade Secrets:** The disclosure of information designated as Protected Information, whether inadvertent, pursuant to court order, or otherwise, shall not constitute a waiver of any trade secret or any intellectual property, proprietary, or other rights to or in such information.

12. **Attorney Advice:** Nothing in this Protective Order shall bar counsel from rendering advice

to their clients with respect to the Proceedings and/or relying upon information designated as Protected Information.

13. **Compulsory Disclosure:** Nothing herein shall preclude any person possessing Protected Information from disclosing such material if required pursuant to a valid subpoena, or order of court, or where a regulatory or governmental entity so requires under a legally compulsory demand, if that person within five (5) days of receipt of the subpoena, order of court, or compulsory demand for production from a regulatory or governmental entity notify counsel of record for the Respondents of such requirement (unless such notification is not allowed under any applicable law) and, if permitted under applicable law, allow ten (10) days for counsel for the Respondents to move for relief from this Court and/or from the court or entity requiring production before complying with such subpoena, order of a court, or compulsory demand from a regulatory or governmental entity, and in any event, disclosure shall be limited to the minimum extent necessary to comply with any such subpoena, order of a court, or compulsory demand.   Respondents shall be solely responsible for asserting any objections and/or obtaining a court order relating to the requested production.

14. **Violation:** The Parties agree to be bound by the terms of this Protective Order pending its entry by this Court, and any violation of its terms shall be subject to the same sanctions and penalties as if this Protective Order had been entered by the Court.  The terms of this Protective Order shall begin at the date of the Parties' execution, continue in full force and effect for the duration of the Proceedings, including any appeals, and shall remain in full force and effect after the termination of the Proceedings.  The Court shall retain jurisdiction to enforce this Protective Order, and to impose any sanction for any contempt

thereof.  Each Party shall notify the other Party in writing of any use or disclosure of Protected Information in a manner not authorized by this Protective Order, and cooperate in mitigating such unauthorized use or disclosure.

**15. Destruction of the Protected Information:**

    a.    Unless otherwise ordered by the Court, any and all persons permitted to review and maintain Responsive Materials containing Protected Information shall either return or destroy such Responsive Materials no later than sixty (60) days following the conclusion of the Proceedings, including any appeals, and certify in writing that it has not retained electronic and physical copies of Protected Information and all documents incorporating or otherwise containing any of Protected Information within said sixty (60) day period.

    b.    Notwithstanding the foregoing paragraph, the attorneys of record in this Proceeding may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Protected Information.  Applicants may ~~request to retain~~ Protected Information until the expiration of any applicable statute of limitations to file future Proceedings.  Any such archival copies containing Protected Information shall remain subject to this order.

*[handwritten margin note, left: PKC — apply to this Court for permission to retain certain]*

*[handwritten margin note, right: PKC — (; any such application shall be on 14 days notice to Respondent]*

**16. Court Approval Required To File Under Seal:**

    a.    Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed.

    b.    Any application to seal shall be accompanied by an affidavit or affidavits and a

memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority.

c.   Unless otherwise ordered, a party seeking to file opposing party's confidential information shall so advise the opposing party fourteen (14) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within seven (7) days thereafter, the party whose confidential information is sought to be used may make an application to seal in accordance with the first paragraph of this Order, indicating the portion or portions of the information it seeks to have sealed.  Nothing herein is intended to alter or modify applicability of Rule 5.2, Fed. R. Civ. P., to this case.  The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

**SO ORDERED**

The Hon. P. Kevin Castel
United States District Judge

Dated: New York, New York

July 16, 2021

## EXHIBIT A

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of<br>ARIDA, LLC,<br>Earl Management Ltd.,<br>Finenergoinvest, LLC, and<br>Alexey Grachev,<br><br>Applicants. | No. 19 Misc. 522 (PKC)<br><br>CERTIFICATION |

I, _____, have reviewed the Protective Order entered by the Court on _____, 2021, and understand and agree to its terms and conditions.

In particular, I understand and agree that (i) Protected Information disclosed to me is to be used by me solely in connection with the Proceedings, and for no other purpose[1]; (ii) shall not be disclosed to any person not identified in Paragraph 5 of the Protective Order subject to limitations in Paragraph 4 of the Protective Order.

In accepting the Confidential Information, I acknowledge that I have received and read the Protective Order. **I understand it, and I agree to be bound by the Protective Order and to be subject to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of its enforcement and the enforcement of my obligations under this Certification.** This certification is made under penalties of perjury under the laws of the United States of America.

Name: _____

Title: _____

Company: _____

Date: _____

---

[1] All terms that are not defined in this Certification shall have the meaning ascribed to them in the Protective Order.