UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re ARIDA, LLC

19-mc-522 (PKC)

ORDER DENYING
STAY

-----------------------------------------------------------x

CASTEL, U.S.D.J.

        This is the Court's ruling on Daniel Mishin's application for a stay pending appeal. The Order authorizing the issuance of the challenged subpoenas was entered on November 14, 2019. (DE 8.) June Homes US, Inc. and Daniel Mishin moved to vacate the Order authorizing the subpoenas on January 24, 2020. (DE 13.) The parties went through exhaustive and repeating cycles of briefing through November 20, 2020. On December 21, 2020, the Court issued a 25-page Opinion and Order modifying the subpoenas and otherwise denying the motion to vacate. (DE 65.) Thereafter, Daniel Mishin moved "to amend the judgment under Rule 59," which the Court denied in an Opinion and Order filed on June 2, 2021. (DE 78.) On June 18, 2021, Mishin filed a notice of appeal and shortly thereafter moved for a stay pending appeal. (DE 79, 81.) Briefing on the stay motion was completed on July 13, 2021.

        Mishin characterizes his stay application as "partial" because it relates only to documents or testimony that are privileged under the sweeping familial privilege that he has claimed. (DE 82.) The Court acknowledged in its Opinion of June 2, 2021, that it has no discretion to grant discovery that is otherwise protected by a legally applicable privilege under Russian law. (June 2 Op. at 4-5). But after applying Circuit precedent and carefully reviewing the declarations on Russian law, the Court concluded "that there is no authoritative proof or clear directive that Daniel Mishin's assertion of the familial privilege under Article 51 of the Russian Constitution would protect from disclosure the information sought by the documentary and

testimonial subpoenas, as modified." (Id. at 6) (citing Euromepa S.A. v. R. Esmerian, Inc., 51 F.3d 1095, 1099-1100 (2d Cir. 1995).)

Mishin has failed to satisfy the four-factor test for a stay pending appeal. Hirschfeld v. Bd. of Elections in City of New York, 984 F.2d 35, 39 (2d Cir. 1993). First, there is no showing of irreparable harm to Daniel Mishin. Id. The potential harm in this case is not to Daniel Mishin, but to his brother, Vladislav Mishin, who is alleged by Applicants to have run a Ponzi-type scheme of which they claim to be victims. (Mishin Stay Mem. at 7.) ("The Orders may require Daniel to produce privileged documents and provide testimony, which could be used to further the prosecution of Vladislav in violation of Daniel's Russian privilege.") (emphasis added.) But any harm to his brother and related companies would arises from the use of the materials in a Russian proceeding. While the parties dispute whether Daniel or his brother Vladislav will be able to challenge the use of the material on privilege grounds in a Russian Court, "[t]he only irrefutable point is that since December 10, 2019, when Daniel Mishin's lawyer made his first appearance in this Court, there has been no application made to a Russian court and there is no disclaimer by Daniel Mishin of an intent to make an application to a Russian court if he is required by this Court to produce documents or testimony." (June 2 Op. at 7.)

Second, the Court has considered whether a party will suffer substantial injury if a stay issues. Hirschfeld, 984 F.2d at 39. Applicants have diligently pursued the material in this Court since November 13, 2019 for use in foreign proceedings. Delay harms Applicants by depriving them of the opportunity to at least offer the material to a Russian Court to decide whether they will receive it.

- 3 -

Third, the Court has also considered whether Daniel Mishin has demonstrated a substantial possibility, although less than a likelihood, of success on appeal. Id. He has not. The Court faithfully followed controlling precedent in its December 21, 2020 and June 2, 2021 rulings, which speak for themselves.

Fourth, the Court has considered the public interests that may be affected. Id. The public interest considerations, which include interests of comity, do not tilt in either direction. In the 19 months or so since Daniel Mishin first appeared in this Court, there has been no indication from a Russian Court or prosecutor that any Russian interest would be offended by this Court's rulings.

Considering all of the arguments advanced by Mishin and balancing the equities, Mishin's motion for a stay pending appeal (DE 81) is DENIED.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       July 19, 2021