UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

IN RE APPLICATION OF ARIDA, LLC, EARL
MANAGEMENT LTD., FINENERGOINVEST,
LLC and ALEXY GRACHEV.

19-mc-522 (PKC)

ORDER

-----------------------------------------------------------x

CASTEL, U.S.D.J.

       The Court has considered the submissions of the parties on the existing

disputes and rules as follows:

       1.     The Court previously modified the subpoena as follows:

> Certain of the document subpoenas are unduly broad, intrusive and burdensome, such as the request for "[a]ll banking records" of Daniel Mishin, including all credit and debit card activity on his personal accounts. Each of the subpoenas is modified to exclude from its scope any transaction, transfer, payment, charge, obligation, debit, credit or loan with any person or entity which, in any thirty-day period, totaled less than $5,000.

(Order of December 21, 2021 at 24; Doc 65.)  The Court was concerned that respondents not be

burdened with hunting down credit-card charges for a shopping trip to Staples for supplies or

subject to intrusion over a pharmacy trip that would disclose the purchase of a personal item.

Narrowing the subpoena in this respect was intended to expedite production and render it less

costly.  Respondents now assert that they do not seek the cost of redacting items below the

$5,000 threshold and the Court considers the issue to be moot.  (Doc 96 at p. 3 of 5.)

       2.     Petitioner seeks a ruling on whether it may ask about items under $5,000

at a deposition.  The issue as presented is too abstract to permit a ruling.  Certainly, the subject is

not per se off-limits for questioning at a deposition (as distinguished from document production)

but an intrusive level of inquiry into irrelevant or marginally relevant matter will not be permitted.

        3.     In an apparent effort to dissuade the petitioner from pursuing discovery that the Court has already allowed, respondents have stated as follows: "The next stage of discovery, if it proceeds, entails the extraction and review of ESI and the preparation of a corporate representative for a deposition.  June Homes is prepared to proceed further with additional discovery but has conveyed to Applicants that if it is put to the expense of such efforts, it would seek reimbursement of its reasonable costs, including costs to implement a litigation hold to preserve ESI as well as reasonable attorneys' fees and the value of its deponent's time." (Id.)  Respondents' interest transcend those of a disinterested nonparty brought into the middle of a commercial litigation between strangers.  Respondent Mishin unsuccessfully sought to invoke a familial privilege under Russian law because the documents may be used in a Russian criminal proceeding against his brother, who has been accused of participating in a Ponzi scheme.  Respondent Mishin is CEO of June Homes and he and June Homes claim that they have not been conduits for funneling assets to or from respondent Mishin's brother; ascertaining the truth of that proposition is a key purpose of the discovery. The Court declines to impose fee and cost shifting in this matter, including attorneys' fees and expenses, witness time, eDiscovery vendor costs, ESI preservation costs and ESI extraction costs.  The subpoena has been narrowed, its scope is reasonable, and compliance ought to be swift and inexpensive unless there is an ulterior motive in delaying compliance.

        4.     On June 21, 2021, this Court wrote as follows: "The time has come for Daniel Mishin to comply with the subpoenas which were served on him on or before December 10, 2019." (Opinion and Order of June 21, 2021; Doc 78.)  The Court orders that respondents

fully comply with the subpoenas, as modified by this Court, on or before March 1, 2022 and on

or before March 1, 2022 file with the Court an affidavit of respondent Mishkin in his personal

capacity and as CEO of June Homes, Inc. that all documents responsive to the subpoena have

been produced.  If either respondent claims that any document is protected by the attorney-client

privilege or is attorney work product, he or it shall produce a listing in full compliance with

Local Civil Rule 26.2 by March 1, 2022, together with an affidavit or affidavits supporting the

claim and a memorandum of law.  **FAILURE TO FULLY COMPLY WITH THIS ORDER**

**WILL SUBJECT THE DISOBEDIENT PERSON OR ENTITY TO THE FULL RANGE**

**OF SANCTIONS UNDER RULE 37(b), FED. R. CIV. P., INCLUDING PUNISHMENT**

**FOR CONTEMPT OF COURT.**

The Clerk shall terminate letter motions (Docs 94 & 100).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       February 1, 2022